UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CARABALLO,

                        Plaintiff,

        -against-

WARDEN PLILER, et al.,

                       Defendants.

**ORDER OF SERVICE**

21-CV-10476 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, incarcerated at FCI Otisville, originally filed this *pro se* action in the U.S. District Court for the Northern District of New York, which transferred it here. Plaintiff invokes *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and asserts claims regarding medical treatment he received (and his alleged infection with COVID-19) at FCI Otisville. The Court, by Order dated December 16, 2021, granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A.   **Correction Officer Jane Doe**

Plaintiff alleges that on Wednesday, April 21, 2021, Correction Officer Jane Doe "called out from work for the Covid-19 symptoms." (Doc. 1 at 9). Earlier in the week, Jane Doe had been "conducting cell searches in every cell." (*Id.*) Plaintiff's allegations are insufficient to show that Jane Doe was deliberately indifferent to a serious risk of harm to inmates, or that anything that she did or failed to do violated his rights. The Court therefore dismisses Plaintiff's claims against Jane Doe under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, without prejudice to his repleading a claim against Jane Doe if he chooses to file an amended complaint, to the extent permitted by Federal Rule of Civil Procedure 15.

B.   **Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on DiLeonardo, Elmore, Gibbs, Groove, Kilbonic, Knibbs, Makalak, Okane, Perdone, Pliler, and Stewart through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

Plaintiff's claims against Jane Doe are dismissed, under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's repleading claims against that individual in accordance with Federal Rule of Civil Procedure 15.

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for defendants and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 16, 2022
         White Plains, New York

                                        PHILIP M. HALPERN
                                        United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Warden Pliler
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

2. Assistant Warden Elmore
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

3. Correction Officer DiLeonardo
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

4. Nurse Gibbs
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

5. Health Administrator Groove
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

6. Nurse Kilbonic
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

7. Nurse Knibbs
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

8. Correction Officer Makalak
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

9. Captain Okane
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

10. Unit Officer Perdone
    FCI Otisville
    P.O. Box 600
    Otisville, New York 10963

11. Physician's Assistant Stewart
    FCI Otisville
    P.O. Box 600
    Otisville, New York 10963