UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CARABALLO,

                              Plaintiff,

        -against-

WARDEN PLILER, et al.,

                              Defendants.

**ORDER DENYING REQUEST
FOR PRO BONO COUNSEL**

21-CV-10476 (PMH)

PHILIP M. HALPERN, United States District Judge:

        Plaintiff, presently proceeding *pro se*, filed a letter in which he asks, "I am inquiring about the motion for appointment of counsel? I am a laimen [sic] and I have little to no legal knowledge." (Doc. 29 at 1). Plaintiff has no pending request for appointment of pro bono counsel pending before this Court.[1] To the extent that this filing may be construed as a request for pro bono counsel, that application is DENIED without prejudice to renew.

## **LEGAL STANDARD**

        The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a

---

[1] It appears that before this matter was transferred to this Court, when it was pending before the U.S. District Court for the Northern District of New York, Plaintiff made an application for the appointment of pro bono counsel. (*See* Doc. 4 (an entry labeled "Letter Request for appointment of counsel filed by Frank Caraballo" that contains only an envelope sent to the Northern District of New York)). That application was not filed to the docket in the Northern District of New York, No. 21-CV-01218, and has not been filed here.

litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989).

Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant

applications for counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly

deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding

whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must

first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335,

1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*.

The court must then consider whether the litigant's claim "seems likely to be of substance"—an

assessment that "must be taken seriously." *Hodge*, 802 F.2d 60-61. If these threshold requirements

are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination will
> be the major proof presented to the fact finder, the indigent's ability
> to present the case, the complexity of the legal issues[,] and any
> special reason in that case why appointment of counsel would be
> more likely to lead to a just determination.

*Id.* at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including

litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply

bright-line rules nor automatically deny the request for counsel until the application has survived

a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather,

each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP), which the Court granted. (*See*

Doc. 10). Plaintiff does not specify whether his financial status has changed. (*See* Doc. 29).

Plaintiff, in his Complaint, invokes *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and asserts claims pertaining to medical treatment received (and his alleged infection with COVID-19) at FCI Otisville. The Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application; indeed, at this early stage of the proceeding, there is no indication that Plaintiff cannot investigate the crucial facts or present his case, whether cross-examination "will be the major proof presented to the fact finder," that this matter will involve complex legal issues, or any special reason why appointment of counsel would be more likely to lead to a just determination herein. Moreover, Plaintiff has made no showing regarding his efforts to retain counsel. Accordingly, the Court concludes that at this stage of the case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is DENIED without prejudice to renew. The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on the docket <u>and</u> at FTC Oklahoma City, Federal Transfer Center, P.O. Box 898801, Oklahoma City, Oklahoma 73189.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated:   White Plains, New York
         September 13, 2022

_____
PHILIP M. HALPERN
United States District Judge

3